WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew J Johnston,<br>  Petitioner,<br>v.<br>Danon Colbert,<br>  Respondent. | No. CV-22-00260-TUC-SHR<br>**Order Accepting R&R** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 43) issued by United States Magistrate Judge Eric Markovich recommending the Court deny Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 42) and Petitioner's Motion for Immediate Injunctive and/or Declaratory Relief (Doc. 29). Petitioner filed an Objection (Doc. 44), and Respondent filed a Response (Doc. 48).[1] For the reasons below, the R&R is accepted over Petitioner's Objection.

## I.    STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court must undertake a de novo review of those portions of the R&R to which *specific* written objections are made. *See id.;* Fed. R. Civ.

---

[1] Petitioner subsequently filed a Reply (Doc. 49) without seeking leave of court as instructed in the R&R. (Doc. 43 at 17–18.) Because the Reply was filed improperly, the Court will not consider it. Petitioner also filed two notices of intervening authority referencing unpublished district court cases. (*See* Docs. 45, 50.) These cases are non-binding and, in any event, do not support Petitioner's arguments.

P. 72(b)(3); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). However, "the Court has no obligation to review Petitioner's general objection[s] to the R&R." *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *see also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[A] party must object to [a] finding or recommendation on [an issue in an R&R] with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.").

Furthermore, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." (quoting *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980)). Additionally, a party usually may not raise new arguments for the first time in an objection to an R&R. *See Martin v. Barnes*, 2015 WL 3561554, at *1 (C.D. Cal. 2015) ("[N]ew arguments and factual assertions . . . raised for the first time in objections to the report and recommendation . . . may not be deemed objections at all." (cleaned up)).

## II. BACKGROUND

The Court adopts the following unobjected-to facts as set forth in the R&R:

> At the time Petitioner filed his Petition (Doc. 1), Petitioner was an inmate incarcerated at the United States Penitentiary in Tucson, Arizona ("USP–Tucson"). *See* Petition (Doc. 1). Currently, Petitioner is incarcerated at the Federal Correctional Institution in Tucson Arizona ("FCI Tucson"). *See* Fed. Bureau of Prisons ("BOP") Inmate Locater, https://www.bop.gov/inmateloc/ (last visited August 4, 2023). Petitioner is serving a 168-month sentence for bank robbery in violation 18 U.S.C. § 2113. *See* Response (Doc. 24), Hubbard Decl. (Exh. "A"), Inmate Data (Attach. "1") at 13; Response (Doc. 24), Hubbard Decl. (Exh "A"), *United States v. Johnston*, No. 1:17-CR-00517(1), Judgment in a Criminal

> Case (Attach. "2") at 20–21. Petitioner's projected release date is April 15, 2028. *See* Fed. BOP Inmate Locater, https://www.bop.gov/inmateloc/ (last visited August 4, 2023). On December 27, 2021, Petitioner filed a First Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. *See* Amended Petition (Doc. 42). Petitioner challenges the BOP's Program Statement 7310.04 asserting that barring him from receiving placement in a Community Corrections Center ("CCC") or Residential Reentry Center ("RRC") "until 11–19 months prior to the projected release date and/or home confinement 6 months prior to the projected release date" violates 18 U.S.C. §§ 3621(b) & 363[2](d)(4)(A). *Id.* at 5. Petitioner further alleges that 28 C.F.R. § 523.44(b)(2) and BOP Program Statement 5410.01 improperly require "a second layer of 'eligibility to apply' time credits that is contingent upon petitioner having a low or minimum recidivism risk score" in contradiction "to the plain language of § 363[2](d)(4)(A)." *Id.* at 6. Petitioner requests this Court issue an order invalidating Program Statement 7310.04 § 8, 28 C.F.R. § 523.44(b)(2), § 3624(c)(1)–(2), and Program Statement 5410.01, as well as "vacating Respondent's designation of Petitioner as 'ineligible to apply.'" *Id.* at 9.

(Doc. 43 at 1–2.)[2]

After considering these facts, Judge Markovich, among other things, rejected Petitioner's claims related to the word "shall" in 18 U.S.C. § 3632 and concluded "[t]o the extent that Petitioner is challenging a substantive decision of BOP regarding placement in an RRC, this Court lacks jurisdiction to review the decision" based on 18 U.S.C. § 3625. (Doc. 43 at 6–18.)

Petitioner timely filed an Objection to the R&R raising three arguments: (1) the R&R fails to consider the word shall in § 3632(d)(4)(A) and (C); (2) the R&R relies on improper cases to determine RRC placement is unreviewable; and (3) the R&R ignores and violates the general/specific canon of statutory interpretation. (Doc. 44.)

. . . .

. . . .

---

[2]Petitioner admits in his Amended Petition that his "recidivism risk is scored [as] 'high.'" (Doc. 42 at 6.)

- 3 -

### III. DISCUSSION

A. Objection #1: Omission of Shall in § 3632

Petitioner argues the R&R is "predicated on the omission of 'shall' from 18 U.S.C. § 3632(d)(4)(A)[] and (C)." (Doc. 44 at 1.) According to Petitioner, if the R&R considered his Reply it would have concluded the BOP does not have "discretion . . . over which category of prisoners can apply [First Step Act] time credits."[3] (*Id.* at 2.)

The R&R considered the "shall" Petitioner appears to be referencing. (*See* Doc. 43 at 12 ("Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities **shall** be applied toward time in prerelease custody or supervised release[,] [and] [t]he Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." (emphasis added))). Therefore, the Court concludes Petitioner's first objection is meritless. As explained in the R&R, prisoners shall earn time credits and those credits shall be applied toward time in prelease custody or supervised release. (Doc. 43 at 12.) However, that does not mean the credits earned *shall lead to a transfer* if the prisoner does not meet the eligibility requirements of 18 U.S.C. § 3624(g). *See* § 3632(d)(4)(C) ("The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release."). Nothing in Petitioner's Objection or previous Reply negates that analysis. Therefore, the objection is overruled.

B. Objection #2: Improper Reliance on Cases[4]

Petitioner argues the R&R "wrongly relies on pre-§ 3632(d)(4)(A)–(C)

---

[3] As explained by Judge Markovich, the First Step Act ("FSA") was enacted into law on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). "The act was the culmination of a bipartisan effort to improve criminal justice outcomes, as well as to reduce the size of the federal prison population while also creating mechanisms to maintain public safety." Federal Bureau of Prisons, *An Overview of the First Step Act*, https://www.bop.gov/inmates/fsa/overview.jsp (last visited January 29, 2024).

[4] In this section, Petitioner also summarily argues "§ 3624(c)(2) should be invalidated to resolve [its] conflict with § 3632(d)(4)(A) and (C) regardless of [the] BOP April 14, 2008 Memo" because of "the liberty interest at stake." (Doc. 44 at 4.) The Court will not rule on this vague general objection. *See Warling*, 2013 WL 5276367, at *2.

authorities . . . to treat FSA time credits as 'unreviewable' per 18 U.S.C. § 3625 in violation of *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), *Setser v. United States*, 566 U.S. 231, 244–45 (2012)[,] and *Nettles v. Grounds*, 830 F.3d 922, 924 (9th Cir. 2016) (en banc)."[5] (Doc. 44 at 3–4.)  Petitioner summarily argues "[t]hose holdings are bolstered" by *Jones v. Hendrix*, 599 U.S. 465 (2023).  (*Id.* at 4.)

Petitioner correctly notes *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011), precedes the enactment of 18 U.S.C. § 3632 in 2018.  However, Petitioner fails to meaningfully explain how any of the cases he cites apply to this case or undermine Judge Markovich's conclusion that § 3625 still applies.  *See* 18 U.S.C. § 3625 (discussing inapplicability of the Administrative Procedures Act).  The Court is unaware of any statute abrogating § 3625 and finds this argument unpersuasive because Congress did not indicate § 3625 no longer applied after the FSA was passed.  *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 381–82 (1982) (finding statutory provisions left intact were evidence of affirmative Congressional intent).  Therefore, this objection is overruled.

C.  Objection #3: Violation of General/Specific Canon

Petitioner argues the R&R "violates the general/specific canon by treating § 3632(d)(4)(A)–(C) as a general statute being governed by § 3624(g)(1)(D)(i)(I)–(II)."  (Doc. 44 at 5.)  According to Petitioner, "§ 3632(d)(4)(A)–(C) is indisputably the specific statute that governs over the general statute."  (*Id.* at 6.)

Petitioner did not properly raise this argument in his Amended Petition (Doc. 42) or Reply (Doc. 24) and Judge Markovich did not consider this argument in the R&R.  Therefore, the Court will not consider this new argument.  *See Martin*, 2015 WL 3561554, at *1.

Although Petitioner attempted to raise this issue in a Sur-Reply (Doc. 26), Judge Markovich denied this request (Doc. 41).  To the extent Petitioner objects to that denial, the Court agrees such a denial was proper because sur-replies are generally discouraged

---

[5]Even though Petitioner refers to "authorities," the only case Petitioner references is *Reeb v Thomas*, 636 F.3d 1224, 1226–27 (9th Cir. 2011).

- 5 -

and only permitted with express leave of the Court "in the most extraordinary of circumstances." *Briggs v. Montgomery*, No. CV-18-02684-PHX-EJM, 2019 WL 13039282, at *2 (D. Ariz. Mar. 19, 2019) (quoting *ML Liquidating Trust v. Mayer Hoffman McCann P.C.*, 2011 WL 10451619, at *1 (D. Ariz. Mar. 11, 2011)). Therefore, this objection is overruled.

Accordingly,

**IT IS ORDERED:**

1) Petitioner's Objection to the R&R (Doc. 44) is **OVERRULED**.

2) Magistrate Judge Eric Markovich's Report and Recommendation (Doc. 43) is **ACCEPTED**.

3) Petitioner's Motion for Immediate Injunctive and/or Declaratory Relief (Doc. 29) is **DENIED**.

4) Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 42) is **DENIED** and **DISMISSED WITH PREJUDICE**.

5) The Clerk of Court shall enter judgment accordingly and close this action.

Dated this 2nd day of February, 2024.

Honorable Scott H. Rash
United States District Judge